UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-80139-CIV-MIDDLEBROOKS/WHITE

JUAN RAMON QUINONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [DE 45], GRANTING THE MOTION TO VACATE FOR INEFFECTIVE ASSISTANCE OF COUNSEL, AND DENYING WITHOUT PREJUDICE THE REMAINING CLAIMS [DE 1]**

THIS CAUSE comes before the Court on Petitioner, JUAN RAMON QUINONES's motion to vacate, set aside or correct sentence pursuant to § 2255 [DE 1], and the Report and Recommendations of the Magistrate [DE 45], filed on August 24, 2009. There were no objections filed by either party. I have reviewed the record and am advised in the premises.

The Honorable Judge White, United States Magistrate Judge, filed the Report and Recommendations [DE 45] (hereinafter, the "Report") after conducting an evidentiary hearing, held on August 18, 2009. In the underlying criminal case, the sentencing took place on April 23, 2005. Petitioner now alleges that "directly after sentencing the petitioner told counsel that he whished [sic] to Appeal the sentence, and counsel agreed to do so. Over the next couple years everytime [sic] the petitioner attempted to discuss the allegedly impending Appeal, counsel would just say; 'Don't worry, I got everything under control.'" [DE 45 at 9]. Petitioner's counsel at the time, Richard W. Springer, submitted an Affidavit attesting that Petitioner did not request he file an appeal, and that

1

Petitioner did not instruct or request that he file an appeal until sending an October 3, 2007, letter requesting the same. *Id.* at 10 - 11. Mr. Springer testified to the same at the hearing. *Id.* He further testified that there was no request for an appeal prior to the October 3, 2007, letter, and that he did not recall any conversations with Petitioner's friend or ex-wife concerning an appeal. *Id.* at 11. Petitioner testified that immediately after the announcement of sentence, he asked Mr. Springer for an appeal. *Id.* at 12. He further testified that Mr. Springer went to console his family after the sentence was announced and did not return to him. *Id.*

In the Report, Magistrate Judge White found that:

> the movant had a genuine belief that he had communicated his desire to appeal to trial counsel and a genuine belief that an appeal was pending [] from the date of sentencing until his family discovered, in September, 2007, that no appeal had been filed. It appears that Attorney Springer may not have accurately perceived the movant's desire to appeal, as the testimony revealed that Springer immediately went to console [movant's] family after the sentence was announced and did not return to discuss the sentence with the movant . . . It is understandable that in the process of attempting to console family members after a lengthy sentence was announced Springer may not have been cognizant of the request to appeal, especially after he explained to the movant that the plea agreement contained a waiver of the right to appeal and the movant stated that he understood this waiver . . . .

*Id.* at 13.

I have serious concerns about the inconsistencies between Petitioner's claims and that of Mr. Springer. It is conceivable that Mr. Springer did not hear a request for an appeal at the sentencing. However, even if I accept that finding, I do not accept Petitioner's allegations that he subsequently had multiple conversations with Mr. Springer to follow up on the appeal request, within which Mr. Springer responded that the appeal was "under control," when no appeal was pending. If such conversations as alleged actually took place, Mr. Springer would be on notice that Petitioner wanted an appeal, and I do not see anything in the Report, the Record, or the Magistrate Judge's findings that

support such an allegation. Therefore, I do not accept that Petitioner asked Mr. Springer about an appeal subsequent to the sentencing, and I do not accept that Mr. Springer told Petitioner that any appeal proceedings were going forward, or were "under control." This serious allegation of attorney misconduct is wholly unsupported. Therefore, in this Order, I wish to make explicit my complete rejection of Petitioner's allegations of misconduct against Mr. Springer.

As the Government has not filed an objection to this Report, I will accept Judge White's finding that Petitioner *thought* that he had requested an appeal at the time of sentencing. However, I do **not** accept any other factual accounts related by the Petitioner concerning his pursuit of appeal, until his sending of the October 3, 2007, letter. As the Report details, counsel's failure to file a direct appeal after being requested to do so by his client – even though counsel was unaware of the request – resulted in a *per se* constitutional violation of the Petitioner's Sixth Amendment right to counsel, which entitles the Petitioner to an appellate proceeding. Therefore, I agree with the Report: an out-of-time appeal is appropriate. With regard to the Petitioner's habeas petition, the statute of limitation was effectively tolled due to these circumstances until October, 2007. Thus, Petitioner timely filed the instant motion in February, 2008, within one year of October, 2007.

The Report also addresses a possible appealable issue with regard to "whether the two state convictions entered on the same day were properly counted as individual convictions for the purpose of sentencing the movant as an armed career criminal, which resulted in a higher mandatory minimum sentence." *Id.* at 17, n.3. The Report continues:

> The record shows that the movant raised this issue with trial counsel after he read the PSI, and counsel told him that both convictions were properly counted. This may not be the case. The movant argues that the state court consolidated the two convictions and thus they should only have been counted as one conviction, and thus he would not have the three requisite convictions to qualify as an armed career offender . . . if the

3

movant had the opportunity on direct appeal (or upon resentencing) to produce such a formal order, [] he may be successful in challenging the armed career criminal designation . . ..

*Id.* at 17, n.3.

The Report then recommends, as one alternative, that the Court appoint counsel to explore this sentencing issue before resentencing Petitioner.

Accordingly, based on the Report and a *de novo* review of the file, it is hereby **ORDERED AND ADJUDGED**:

(1) The Report of the Magistrate Judge [DE 45] is **ADOPTED**. Petitioner's Motion to Vacate pursuant to § 2255 is **GRANTED** solely as to the claim that counsel was ineffective for failing to prosecute a requested direct appeal;

(2) The Petitioner is permitted to file a direct appeal, as dictated by the procedure set forth in *United States v. Phillips*, 225 F.3d 1198, 1200-01 (11th Cir. 2000);

(3) The Court shall appoint counsel for the purpose of exploring the sentencing issue discussed in the Report;

(4) The remaining claims raised by Petitioner are **DISMISSED WITHOUT PREJUDICE** to raise in a subsequent §2255 motion once his conviction becomes final upon resolution of his reinstated direct appeal.

DONE AND ORDERED in chambers in West Palm Beach, Florida, this 14 day of September 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of record

Richard Walter Springer
Springer & Springer
3303 S Congress Avenue
Suite 1A
Palm Springs, FL 33461-2169